IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES ANTHONY ROSS,

      **Plaintiff,**

                                       **Civil Action 2:18-cv-160**
  v.                                     **Judge Algenon L. Marbley**
                                       **Magistrate Judge Chelsey M. Vascura**


**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiff, James Anthony Ross ("Plaintiff"), brings this action under Sentence six of 42 U.S.C. § 405(g) for remand to consider new evidence submitted following the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 16), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

### I.    PROCEDURAL BACKGROUND

On March 2, 2015, Plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income. (Administrative Record, ECF

No. 8, PAGEID #309–316.) Plaintiff alleged a disability onset date on September 1, 2013. (*Id*.) After Plaintiff's applications were denied initially and on reconsideration, Plaintiff filed a Request for Hearing by Administrative Law Judge on September 3, 2015. (*Id*. at PAGEID # 262–63.)

Administrative Law Judge Thomas L. Wang ("ALJ") held a hearing on April 5, 2017 at which Plaintiff appeared and testified, represented by counsel. (*Id*. at PAGEID #139–154, 166.) A vocational expert, Eric Pruitt, also appeared and testified at the hearing. (*Id*. at PAGEID #154–175.) On September 18, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning on the Social Security Act. (*Id*. at PAGEID #122–132.) On January 11, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id*. at PAGEID #43–48.) Plaintiff then timely commenced the instant action.

## II. ALJ'S SEPTEMBER 2017 DECISION

On September 28, 2017, the ALJ issued his decision. (Administrative Record, ECF No. 8, PAGEID #122–132.) The ALJ noted that Plaintiff met the insured status requirements through September 30, 2017. (*Id*. at PAGE ID #124.) At step one of the sequential evaluation

2

process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since September 1, 2013, the alleged onset date of disability. (*Id.*) The ALJ found that Plaintiff had the severe impairments of human immunodeficiency virus (HIV) and benign prostatic hypertrophy. (*Id.*) At step three, the ALJ found that the severity of Plaintiff's impairments does not meet or medically equal the criteria of Listing 14.11 (HIV infection). (*Id.* at PAGEID #127.) He therefore concluded that Plaintiff does not meet or equal one of the listed impairments in 20 C.F.R. § 404.1520(d). (*Id.*)

At step four, the found that Plaintiff had the residual functional capacity

> To perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can sit for eight hours in an eight-hour workday; can occasionally climb ramps or stairs; can never climb ladders, ropes, or scaffolds; can frequently

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. See 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

See 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

balance, handle, and finger; can occasionally crawl and have exposure to extreme cold and extreme heat; can have no exposure to unprotected heights; and can perform work allowed off-task five percent of the day.

(*Id*. PAGEID #127.) Relying on the testimony of the Vocational Expert, the ALJ determined that Plaintiff was capable of performing his past relevant work as a fraud investigator and therefore determined that Plaintiff was not disabled, as defined by the Social Security Act. (*Id*. at PAGEID #131.)

### III. PLAINTIFF'S NEW EVIDENCE

Following the hearing before the ALJ, but prior to the issuance of the ALJ's decision, Plaintiff underwent additional medical treatment and now seeks remand for consideration of whether these new treatment records demonstrate satisfaction of Listing 3.02 (chronic respiratory disorders). From May 15, 2017, to May 21, 2017, Plaintiff was hospitalized for a pneumothorax and suspected pneumonia. (*Id*. at PAGEID #60–100.) A chest CT scan revealed severe bullous emphysema. (*Id*. at 82.)

Plaintiff had a follow-up appointment with CNP Ruthann Kennedy on July 6, 2017. (*Id*. at PAGEID #96–98.) Before the appointment, Plaintiff underwent a Pulmonary Function Test. ("PFT"). (*Id.* at PAGEID #101–106.) The PFT showed a pre-bronchodilator $FEV1^2$ value of 1.10 and a post-bronchodilator value of 1.20. (*Id*. at PAGEID #101.) The PFT test also showed a DLCO measurement of $8.3^3$. (*Id.*) At the appointment, CNP Kennedy noted that Plaintiff had GOLD stage III COPD based on the test results. (*Id*. at PAGEID #97.)

---

[2] "FEV1 means forced expiratory volume in the first second of a forced expiratory maneuver." 20 C.F.R, Part 404, App'x 1, §3.00(C)(10).

[3] "DLCO means diffusing capacity of the lungs for carbon monoxide." 20 C.F.R, Part 404, App'x 1, §3.00(C)(9).

On August 9, 2017, Plaintiff saw CNP Kennedy again. (*Id*. at PAGEID #98–100.) At this appointment, she again stated that Plaintiff had GOLD stage III COPD, but noted that the COPD was "doing well." (*Id*. at PAGEID #99.) She further noted that Plaintiff had quit smoking, regularly walked, and had chosen to defer pulmonary rehabilitation at that time. (*Id*.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d

270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.     ANALYSIS

In his sole contention of error, Plaintiff maintains that a Sentence Six remand is warranted for consideration of new and material evidence, specifically evidence of pulmonary issues he experienced after the ALJ hearing but before the ALJ's decision. Plaintiff asserts that because the evidence was not available at the administrative hearing, it is new. Plaintiff further asserts that the evidence shows he meets or equals Listing 3.02A and 3.02C1, and thus is material. Plaintiff further contends that he had good cause for not introducing the evidence at the administrative hearing because at that time, he was not aware he had respiratory issues. The Commissioner responds that the evidence is not material and that Plaintiff did not have good cause for failing to introducing it before the ALJ's decision. The Commissioner contends that the evidence would not meet any Listing. The Commissioner further asserts that even though Plaintiff did not have the evidence at the hearing, Plaintiff did have the evidence before the ALJ's decision.

**A.     Standard for Sentence Six Remand**

Sentence six of 42 U.S.C. § 405(g) provides:

> The Court may…remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…

42. U.S.C. § 405(g). The Sixth Circuit further defined the requirements that elements be "new," "material," and that the plaintiff show "good cause" as follows:

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' ... Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' ... A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.... [T]he burden of showing that a remand is appropriate is on the claimant.

*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted).

**B.    The Evidence is New**

Both parties stipulate to the evidence being "new." (Statement of Errors 6–7, ECF No. 11; Resp. 5, ECF No. 16.)  The undersigned agrees that the evidence was "'not in existence or available to the claimant at the time of the administrative proceeding.'" *Ferguson,* 628 F.3d at 276 (quoting *Foster*, 279 F.3d at 357). Thus, the evidence is new.

## C. The Evidence is Not Material

Plaintiff has failed to satisfy his burden to show that the evidence is material. Specifically, the new evidence does not contain a spirometry test that satisfies the Listing requirements. The July 6, 2017 test upon which Plaintiff relies in an effort to satisfy his burden is insufficient for at least two reasons: 1) the spirometry test did not include three FEV1 values; and 2) the spirometry test did not include two DLCO measurements.

### 1. The Listing Requires Three FEV1 Values

Under Listing 3.02, an individual is considered disabled as a result of "[c]hronic respiratory disorders due to any cause except CF with A, B, C, or D." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02. As relevant here, Subpart A requires a claimant to have an FEV1 score equal to or less than certain specified values according to the claimant's height without shoes in order for the claimant to medically meet or equal Listing 3.02(A). *Id.* Specifically, a male such as Plaintiff who is over the age of 20 and measures 66 inches tall without shoes must demonstrate an FEV1 equal to or less than 1.50 to meet the Listing. *Id.*

Moreover, Listing 3.00(E) explains the "requirements for an acceptable test and report" to demonstrate a valid FEV1 score for purposes of Listing 3.02(A) in relevant part as follows:

> Spirometry, which measures how well you move air into and out of your lungs, involves *at least three* forced expiratory maneuvers during the same test session. A forced expiratory maneuver is a maximum inhalation followed by a forced maximum exhalation, and measures exhaled volumes of air over time. The volume of air you exhale in the first second of the forced expiratory maneuver is the FEV1. . . . We use your highest FEV1 value to evaluate your respiratory disorder under 3.02A . . . .

The July 6, 2017 test upon which Plaintiff relies in an effort to satisfy his burden is insufficient for at least two reasons. First, although the test yielded an FEV1 that would

8

otherwise satisfy Listing 3.20(A),[4] the report from that test does not establish that Plaintiff underwent three forced expiratory maneuvers as Listing 3.00(E) requires. This alone renders the test insufficient to establish that Plaintiff meets the Listing criteria.

Plaintiff bears the burden of producing medical evidence that establishes that all of the elements of a Listing are satisfied. Here, the report Plaintiff produced fails to demonstrate that the July 6, 2017 PFT included three forced expiratory maneuvers. The fact that the report fails to explicitly state that Plaintiff *did not* undergo three maneuvers does not establish that he did. As such, Plaintiff has failed to meet his burden. *See*, *e.g.*, *McCready v. Comm'r of Soc. Sec.*, No. 10-13893, 2012 WL 1060088, at *3 (E.D. Mich. Mar. 2, 2012) (concluding ALJ appropriately rejected PFT test where "there is no indication that three maneuvers were performed"); *Higgins v. Callahan*, 983 F. Supp. 865, 871 (E.D. Mo. 1997) (finding that a PFT "test does not comply with the documentation requirements of § 3.00E" where "[t]here is nothing in the record showing that FEV1 score represents the largest of at least three satisfactory forced expiratory maneuvers").

### 2. The Listing Requires Two DLCO Measurements

Under the second Listing raised by Plaintiff, Listing 3.02(C)(1), an individual is considered disabled as a result of "[c]hronic impairment of gas exchange as demonstrated by" the "[a]verage of two unadjusted, single-breath DLCO measurements (see 3.00F) less than or equal to the value in Table III for your gender and height without shoes (see 3.00F3a) . . . ." 20

---

[4] As set forth above, the test yielded an FEV1 score of 1.10, substantially lower than the 1.50 threshold set forth in Listing 3.02(A).

C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02(C)(1). Table III indicates that Plaintiff, a male with a height of 66 inches without shoes, must present two acceptable DLCO measurements whose average is less than or equal to 10.5 in order to meet the Listing. "DLCO means diffusing capacity of the lungs for carbon monoxide." *Id.* at § 3.00(C)(9). Section 3.00(F) describes a DLCO test and the requirements for an acceptable test and report. As relevant here, § 3.00(F) requires that that the volume of inhaled gas (the "VI") during a DLCO test be at least 85% of the forced vital capacity ("FVC"). *Id.* at § 3.00(F)(2)(b)(i); *see also id.* at § 3.00(C)(11) and (18) (defining "FVC" and "VI"). In addition, to be valid, the DLCO test report must contain "[a]t least two acceptable DLCO measurements within 3 mL CO (STPD)/min/mmHg of each other or within 10 percent of the highest value." *Id.* at § 3.00(F)(3)(d); *see also id.* at § 3.00(C)(13) (defining "mL CO (STPD)/min/mmHg" as "milliliters of carbon monoxide at a standard temperature and pressure, dry, per minute, per millimeter of mercury").

Plaintiff has failed to satisfy his burden to show that his impairments meet the criteria for Listing 3.02(C)(1). The July 6, 2017 test does not qualify because the test report fails to contain "[a]t least two acceptable DLCO measurements within 3 mL CO (STPD)/min/mmHg of each other or within 10 percent of the highest value" as required under § 3.00(F)(3)(d). Thus, Plaintiff's DLCO test results do not satisfy the requirements of the Listing. *See Clark v. Comm'r of Soc. Sec.*, No. 2:17-CV-709, 2018 WL 2309604, at *3 (S.D. Ohio May 22, 2018) ("To be valid, the DLCO test report must contain '*[a]t least two* acceptable DLCO measurements'") (quoting § 3.00(F)(3)(d) (emphasis added)); *Barber v. Comm'r of Soc. Sec.,* No. 3:13-CV-110, 2014 WL 4706865, at *6 (S.D. Ohio Sept. 22, 2014) ("[T]he DLCO values must be measured by the single breath technique, [and] the value used for adjudication must "represent the mean

of *at least two* acceptable measurements" (emphasis added)).

Because Plaintiff has not satisfied his burden of showing the evidence meets or equals a Listing, the undersigned finds that the evidence is not material.[5]

**D.      Good Cause**

Plaintiff has failed to show good cause for not submitting the evidence to the ALJ before the ALJ issued his decision. 20 C.F.R. § 404.1512 provides, in relevant part:

> [The claimant] must inform [the Commissioner] about or submit all evidence known to [the claimant] that relates to whether or not [the claimant is] blind or disabled…[t]his duty is ongoing and requires [the claimant] to disclose any additional related evidence about which [the claimant] become aware.

20 C.F.R. § 404.1512(a)(1). It is "clearly not good cause" when a claimant knows of new evidence after the ALJ hearing, but before the ALJ's decision, and fails to notify the ALJ of the additional evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996) ("[Claimant] cannot benefit from any failure to notify the ALJ at or following the hearing regarding the need to consider additional . . . evidence"). Prior to the ALJ's decision, a claimant's failure to alert the ALJ that the claimant is planning to undergo medical tests, is awaiting results of those test, or that the results are available demonstrates a lack of good cause. *See Gildow v. Acting Comm'r of Soc. Sec.,* No. 2:15-CV-2558, 2016 WL 3876520, at *6 (S.D. Ohio July 18, 2016).

---

[5] The Commissioner also contends that Plaintiff cannot demonstrate that his pulmonary issues satisfy the 12-month durational requirement. 20 C.F.R. § 404.1509. Because the undersigned concludes that Plaintiff has not offered sufficient evidence to satisfy Listing 3.02 at any point in time, Plaintiff also necessarily cannot meet the durational requirement.

Here, Plaintiff knew of the new evidence beginning in May 2017. By July 6, 2017, Plaintiff had the results of his PFT. July 6, 2017 was nearly three months before the ALJ's decision, and yet Plaintiff did not alert the ALJ to the new evidence prior to his decision. Accordingly, the undersigned finds that Plaintiff has not shown good cause for failing to submit the evidence to the ALJ.

In sum, because Plaintiff has demonstrated neither that the new evidence is material nor that he had good cause for failing to submit it to the Commissioner prior to the ALJ's decision, a remand under Sentence Six of 42 U.S.C. § 405(g) is not warranted.

## VI. CONCLUSION

Based on the foregoing analysis, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VII. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE